COLLOTON, Circuit Judge,
concurring.
I concur in the opinion of the court on the understanding that the opinion merely takes as a given the circuit precedent of Griffith v. City of Des Moines, 387 F.3d 733, 736 (8th Cir.2004), and the analytical framework described therein, because the plaintiffs urge this court to apply it, and their claims fail under that framework. Ante, at 1043 - 45. Whether the en banc court should adhere to Griffith and its inquiry into whether a plaintiff has presented “direct evidence” of discrimination in Title VII summary-judgment cases after the Supreme Court’s decision in Desert Palace, Inc. v. Costa, 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003), is’ not presented for decision. Nor does this case require us to address confusion that has arisen from efforts to apply a “direct evidence” standard. Compare, e.g., Griffith, 387 F.3d at 736 (explaining that “circumstantial evidence” may constitute “direct evidence”) and Bakhtiari v. Lutz, 507 F.3d 1132, 1135-36 & n. 3 (8th Cir.2007) (opinion of Beam, J.) (applying Griffith’s analysis that “evidence, direct or circumstantial” may constitute “direct evidence” of discrimination, while characterizing Griffith’s definition of “direct evidence” as “possibly one unique to this circuit”) with id. at 1138-39 (opinion of Shepherd, J., joined by Murphy, J.) (disagreeing that “circumstantial evidence” is part of the “direct evidence” analysis under Griffith). See generally Desert Palace, 539 U.S. at 99, 123 S.Ct. 2148 (explaining that Title VII requires a plaintiff to prove his case “using direct or circumstantial evidence”) (internal quotation omitted); Gross v. FBL Fin. Servs., Inc., — U.S.-, 129 S.Ct. 2343, 2357 n. 7, 174 L.Ed.2d 119 (2009) (Stevens, J., dissenting) (“While Justice O’Connor did not define precisely what she meant by ‘direct evidence,’ we contrasted such evidence with circumstantial evidence in [Desert Palace ].”); Trans World Airlines, Inc. v. Thurston, 469 U.S. Ill, 122, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985) (“The McDonnell Douglas test is inapplicable where the plaintiff presents direct evidence of discrimination.”).
Given that the summary-judgment record in this case was fully developed in the *1054 district court, moreover, it is unnecessary to consider whether the plaintiffs met a “direct evidence” standard or whether they satisfied each step of the burden-shifting framework described in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). This court need only decide whether, on the record as a whole, there is a genuine issue for trial on the ultimate question of discrimination vel non. Riser v. Target Corp., 458 F.3d 817, 820-21 (8th Cir.2006); Johnson v. Ready Mixed Concrete Co., 424 F.3d 806, 810 (8th Cir.2005); George v. Leavitt, 407 F.3d 405, 411-12 (D.C.Cir.2005); see U.S. Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 715, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983). For the reasons stated in the opinion of the court, I agree that the plaintiffs have not presented sufficient evidence from which a reasonable jury could find unlawful discrimination.